The next matter, number 24-2081, Justina Aprileo v. Cheryl Clapprood et al. At this time, would counsel for the appellant please come to the podium and introduce himself on the record to begin? Good morning, Your Honors. Tyler Kenefick for the appellant's city of Springfield. I'd like to reserve two minutes for rebuttal. You may. Your Honor, it's this case that I think bring, Your Honors, this case that we bring before you, I think, brings a narrow issue, but I think the issue is important. Whether pretrial probation under Massachusetts General Laws 276, Section 87, triggers a HEC analysis and a potential HEC bar. And I think the facts in this particular case, Justina Aprileo, does fit squarely within a HEC preclusion. Justina Aprileo, just a brief factual background. In November of 2017, called the police for a domestic disturbance at her residence. Police arrived, and subsequently there was a fight between Ms. Aprileo and the police, resulting in her arrest. There was a brief struggle. She was brought to the ground. Some injuries happened, and she was arrested. She was then brought up on assault and battery and police officer charges in Springfield District Court in Hamden County. And then submitted to what's called pre-trial probation in Massachusetts under 276, Section 87. She served a few months of probation, and then the case was ultimately dismissed. She then brought in 1983, claiming against the city of Springfield for excessive force and individual officers. Counsel, turning to, I think, what is the central issue in your appeal. Why is there, there's no conviction here. Instead, the charges were dismissed. And I think as some of the case law that's looked at this issue from other courts has said, pre-trial diversion is really a way of handling charges other than through prosecution. So it's deferring prosecution. And here, it resulted in an ultimate dismissal. So why would the bar apply when there's no conviction at all here? Well, I think you have to look at what the heck rule really kind of tries to represent or protect, which is the integrity of the state law proceeding against the civil federal 1983 claim. I don't think that conviction per se is necessarily is needed. But I think 276, 87, I think, is akin almost to a qua for continuation of that a fine. Well, there are different. Counsel, if you look at the state statute, it applies pre-trial, pre-guilty plea, post-trial, post-guilty plea. You are asking us to fashion a rule that covers all of those events. Some of those events involve convictions, others do not. And under the SJC law, a case cannot be dismissed under this statute unless the Commonwealth has consented to it and there is an order dismissing the case. Here, the case was dismissed before there was, in fact, a plea, a conviction. There is no admission of guilt and the Commonwealth made the choice to do that. So how under those circumstances can the heck doctrine possibly apply? As Judge Rickleman just said, the state made the choice here not to go for a conviction. You're right and you correctly point out how, I guess, somewhat how 276, 87 works. I think the Commonwealth does have to agree to it and assent to it, as does the defense. But I think the linchpin here is that it's not necessarily a unilateral type of decision. The prosecutor just doesn't enter a nolli proseque at the end of a preparationary term. They have to present the agreement to a judge and the judge has to give it its approval. I remember as a prosecutor just starting out, I've had 276, 87 be rejected. But that doesn't suggest anything about guilt. That just suggests that the judge thinks, well, this might be a weak case. This is how the parties want to dispose of it. So I'm going to go along with that. What does that have to do with whether the person was guilty or not? Well, I'm saying that the judge sometimes can reject a 276, 87. So it's a three-party agreement based on the facts of an unknowing.  But what does the judge's imprimatur of the agreement have to do with the guilt of the person? Well, I think there's certain particular cases that state that it's – I think the difference between exoneration and dismissal is significant. A coif is admission to sufficient facts. At least there, there are facts. Somebody said I did these things. This person didn't say they did anything. So a common scenario might be, as a former prosecutor, it might be difficult to dismiss a case. The law enforcement might not be so happy about that disposition. So I go to the defense and I say, we can do this. You behave for a couple months, we'll dismiss it. You don't have to admit to anything. And that's a good disposition for the government, for the prosecutor in a particular case. But it has nothing to do with the guilt of the person. The person's like, great, I can behave for a couple months. This thing goes away. It's dismissed. How can we say that's equivalent to a conviction? Well, I think you – I don't – I think heck doesn't necessarily imply that it needs to be a conviction. There has to be a proceeding. Oh, yes, it does. Heck, absolutely requires it has to be a conviction and a sentence. You are trying to skip over that to get to the exoneration prong. Do you have any case law that permits you to do that? I think the case, I think it was before the circuit was Jones v. City of Boston, which didn't necessarily discuss it. Which was non-presidential and which essentially has been overruled by Supreme Court precedent. The two precedential First Circuit decisions clearly involved convictions and admissions of guilt. There also needs to be a policy problem with what you're saying. The idea of heck is you – and heck lists them out. You can go and get the thing expunged or, you know, overturned, pardoned, whatever. And then you can bring your claim. Like, what's this person supposed to do? It was dismissed. There's nothing for them to do. They can't get the dismissal. They got the ultimate best outcome. No record. What are they supposed to do? It's a favorable outcome in a criminal sense because they were able to kind of get it dismissed. But so is a coif. And a coif does kind of get dismissed eventually. But the 276-87 is an agreement with input from the Commonwealth, input from the victim, and presented to a judge for their stamp of authority. And they submit to the authority and the power of the court for a particular period of time. Counsel, I understand your argument that under this statute, a different ruling may be appropriate in different types of cases. But it is very clear from heck and from subsequent Supreme Court precedent that we need a criminal judgment. We need either a conviction or a sentence. There is no criminal judgment in this case because, again, the government chose to defer – the Commonwealth chose to defer prosecution. And, in fact, if we look at the specific document here, the form that the attorney signed, it says that there is no tender of plea. There is no admission and waiver of rights. None of those boxes are checked. So there was no even admission of sufficient facts here. There was nothing. She agreed to pretrial diversion without a plea, without an admission to facts. There's no criminal judgment. How under the Supreme Court case law can heck apply? Just, like, focusing very narrowly on the fact that heck speaks about a conviction or a sentence in subsequent case law, like Cato says, you have to have a criminal judgment. What is the criminal judgment here? You know, I'd say that there isn't necessarily a judgment. There's a compromise between the parties that was submitted in a judicial order issued about the probation, about the particular facts that the complaint, the criminal complaint was based on. And subsequently, I think heck protects a collateral attack on that particular fact pattern that was the basis of the complaint and the pretrial probation from being attacked. I think the concurrence in heck kind of discussed how malicious prosecution may not be in a, may be an imperfect kind of analogy of how to understand a heck analysis. I don't think a favorable termination or a judgment necessarily kind of is an easy, I think it's a label, I think it's illustrative how you can kind of understand a criminal proceeding and then a civil rights claim that attacks that criminal proceeding, the factual basis for it. But there was no admission to any facts here. So I'm just trying to understand how your argument works. When the specific person here did not agree, did not admit to any facts whatsoever. Your Honor, I would say that by submitting to the court's authority that she forewent her opportunity to present her case at trial. Oh, counsel, there is a presumption of innocence. The government has to prove its case. The government chose here an alternative disposition. I think the alternative disposition in Massachusetts is a great thing because it offers rehabilitation. That's right, and when the government did that, it basically eliminated any consideration of heck type concerns here. You may want to talk with your DA's office about when they choose to enter these things, but they made the choice? They did make the choice, but then it's not a unilateral choice. It's not as if the DA can just... Yeah, that hurts you. It doesn't help you. Well, no, I think it does help because there needs to, because the basis for the complaint was that there was an assault. The judge didn't have to make a ruling that these are the true facts. He didn't make any ruling about the facts. Well, the judge had to approve the 276-87. Does that mean that... The judge had absolute discretion to reject the 276-87 based on the facts of that particular case, whether either the criminal record warranted such a disposition or whether the facts... Or I think the judge thinks, I don't know, this seems like a closed case. And so this seems like a good way to get rid of this. I mean, there's no ruling of innocence, no ruling of guilt. It's just like, this is a mess. The parties have come forward with a way that this goes away in a way that seems reasonable, and I don't have to find anything about anyone, and it will go away if this person behaves. That's what happened, or something like that happened. How does that suggest that the person did it? I mean, which seems to be the baseline thing here, which is different than the coif at least, where there are facts. Your Honor, I would suggest that in a perfect world, I think that makes sense. But I think different, I think a collaboration between the victim, the Commonwealth, the defendant coming together to conserve judicial resources to resolve a particular issue isn't indicative of complete innocence or isn't indicative of complete lack of probable cause or things of that sort. A motion to dismiss could have been made if that was the case, that there was no probable cause for a particular element or issue at bar. And I think sometimes a judge would reject 276-87 for that particular reason. But there's the executive branch through the Commonwealth deciding to exercise its discretion to potentially offer this, defense counsel agreed to it with victim's input through the Victim Bill of Rights. And then the judge heard the facts or heard the issues and then accepted the 276-87. That was a judicial compromise. That's what HEC, I believe, tries to protect, the underlying state action being protected from collateral tax and civil prosecution or civil 1983 claims. Thank you, counsel. At this time, would counsel for the appellee please introduce herself on the record to begin? Good morning, your honors, and may it please the court. Emma Freeman for appellee Justina Aprillo. The district court correctly held that HEC versus Humphrey does not bar Ms. Aprillo's section 1983 claims, and this court should affirm. As five other circuits have already concluded, HEC doesn't apply here at the threshold because Ms. Aprillo had no conviction and no sentence, no outstanding criminal judgment of any kind that her section 1983 claims could impugn. And even if Ms. Aprillo had been convicted of something, her criminal proceedings favorably terminated when the criminal charges against her were dismissed. So let me start with the threshold question under HEC, what's been called the antecedent question. Because Ms. Aprillo's criminal charges were all dismissed after she successfully completed pretrial probation under section 87, she had no underlying conviction or sentence. And as the panel has referenced, the Supreme Court's decision in Wallace versus Cato made explicit. HEC only applies in the first place if a section 1983 plaintiff is actually convicted or sentenced. The functional equivalent of a conviction isn't enough, an indictment isn't enough, as Wallace itself held, even an anticipated future conviction is not enough to trigger HEC in the first place. And in this case, dismissal following pretrial probation isn't enough under Wallace to trigger HEC. The dismissal of criminal charges, quite simply, is not a conviction. It's the opposite of a conviction. And nor does pretrial probation constitute a sentence, which is something that the court can only impose once a conviction is in place. This court's analysis- Counsel, we're dealing, I want to suggest you're arguing too broadly. Different states have different types of pretrial probation. The federal court always has to look at exactly what state law is being applied here. And while five circuits may have said in accord with Wallace, if there's no conviction and sentence, I thought the language was conviction and sentence, then HEC doesn't apply. There are a whole lot of variations. And even under this statute, there could have been a conviction, and there could have been a sentence, and then there could have been an agreement. That would pose far more difficult questions to us than this case presents. So could I just get you to narrow a bit the focus of your argument? You could, Judge Lynch. And I certainly agree that any time HEC is implicated in the context of pretrial probation, there will necessarily be state law questions that arise, because as you're noting, each of these schemes is individual. They're statutorily based. So I don't mean to be making an argument that's overly broad. I don't mean to suggest that a national rule be announced, only that on the facts of this case, given the text of Section 87, given the fact that there was no guilty plea, that there was no admission to any facts at all, much less facts sufficient to indicate guilt, that HEC is not applicable at the threshold pursuant to the five circuits that have addressed this precise question. Certainly, in other scenarios where there were admissions to facts or the... Let me just spin that out. Suppose that there was an admission to facts that were sufficient to establish guilt, and nonetheless, there was a pretrial probation agreement entered into here, and as a result, there was no conviction and sentence. What do you think? Does HEC apply or does HEC not apply? In that hypothetical, Your Honor, I think HEC doesn't apply, because there's no outstanding criminal judgment, but principles of preclusion would likely bar certain subsequent civil claims. And it sounds very much like the situation that Your Honor dealt with in the Thor v. Howe case, where the facts didn't lead to the court's ability to resolve the case on HEC grounds, but those basic principles of preclusion always apply. And I think that would be true under various state schemes where there had been admissions or pleas, even if there were an outstanding criminal judgment. So I think HEC... Counsel, under Judge Lynch's hypothetical, are you saying that you think even at the threshold, HEC wouldn't apply? I think that's right. If I understood Judge Lynch's hypothetical correctly, if there was no conviction or sentence and thus no type of outstanding criminal judgment, if I'm right about that, I think under Wallace, it's inescapable that that's a formalistic rule following from the logic of HEC. But as I said, HEC works hand in hand with preclusion principles. So to the extent I think some of the cases going the other way raise policy concerns about allowing civil rights plaintiffs who are also criminal defendants to make inconsistent claims, you know, in State criminal proceedings and Federal civil rights proceedings, those types of estoppel principles would prevent that from happening. And I think the Court in HEC was aware of that. The Court in Wallace was aware of that. And certainly this Circuit is, as it's dealt with numbers of cases, implicating both HEC and preclusion. So again, returning to some of the questions Judge Lynch was asking you to focus in on the facts here in particular, is it your position that under this statute, a different defendant who was charged and given the opportunity for pretrial probation HEC could apply just depending on what happened in the pretrial proceedings and how exactly the charges were ultimately handled? Is that right? That's right. Okay. For example, if someone took probation under Section 87, but violated the terms of their probation, my understanding under Section 87 is the probation officer can bring the criminal charges back before the Court, which can then dispose of them in any of the ways that originally could have. Maybe there would be a trial, maybe a plea. So my argument is factually constrained, certainly, Your Honors. And if there are no further questions as to the conviction or favorable termination, I'm happy to rest on the briefs, Your Honor. Judge Lynch? Thank you. Thank you, Your Honor. Thank you. Thank you, counsel. At this time, would counsel for the appellant please reintroduce himself on the record? It is a two-minute rebuttal. Tyler Kennedy, again, for the City of Springfield. Your Honors, I would just reiterate, I think, that the lower courts, Cabot, Kennedy, all kind of tried to address this issue in a different way than the court that Judge Mastriani sat on. I think submitting to the authority of the court through a three-party kind of agreement triggers at least a heck analysis. It's, I think, a lot different than just a straight nolly or a straight dismissal. Here, parties get together, submit to a judge. There's victim input, and I think that's serious. Even if you remove the police officer from this issue, you have a victim of a crime agreeing to basically to give the defendant, the criminal defendant, a section. Metro West Pharmacy. I think then it gets approval of the judge. I think that carries a significant amount of weight. It's not such as a straight dismissal. It's not like another form of diversion such as one-on-one. Counsel, what do you mean it triggers a heck analysis? I'm just trying to understand exactly what you're arguing there. I don't understand your opposing counsel to be suggesting we shouldn't analyze whether heck applies at all. We, of course, have to do that to determine de novo whether the heck bar is triggered. So the analysis is, it applies in that sense, but what are you trying to say other than that fact that we need to do the analysis to determine if the heck bar is invoked? I guess what I mean by my language is basically if a 276-87 should even allow an analysis under heck because there wasn't necessarily a conviction per se. So my, again, what I was saying, there's an agreement between both parties and it's stamped by the judge. That agreement in effect gives the, excuse me, gives the criminal party their avenue to collaterally attack it from a 1983 claim. Judge Lynch, anything further? No, thank you. Thank you, counsel. Thank you, counsel. That concludes argument in this case.